NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SCHOLZ DESIGN, INC., | : |
| Plaintiff, | : |
| | : Civil No. 06-853 (AET) |
| v. | : |
| | : **MEMORANDUM AND ORDER** |
| RICHARD R. ANNUNZIATA, | : |
| Defendant. | : |

THOMPSON, U.S.D.J.

I.  Introduction

This matter comes before the Court on Defendant Richard R. Annunziata's Motion to Set Aside the Entry of Default.  The Court has decided this Motion based upon the submissions of the parties and without oral argument pursuant to Fed. R. Civ. P. 78.  For the reasons stated below, Defendant's Motion is granted.

II.  Background

On February 27, 2006, Plaintiff filed a Complaint in this Court alleging that Defendant infringed its copyright in certain blueprints for a home design when Defendant built a home in New Jersey, allegedly pursuant to those blueprints, but without having purchased them.  Plaintiff then made several attempts to serve Defendant with process.  After Plaintiff submitted, pursuant to an order by Magistrate Judge Bongiovanni, an affidavit attesting to its diligent attempts to locate and serve Defendant, Magistrate Judge Bongiovanni granted Plaintiff's Motion for Service by Publication and directed that Plaintiff effect service pursuant to N.J. Ct. R. 4:4-5(c), and that it

1

also mail copies of the notice and Judge Bongiovanni's Order to Defendant's last known address and to the address of Defendant's parents.

Plaintiff complied with Judge Bongiovanni's Order, and subsequently requested an entry of default by the Clerk of the Court for Defendant's failure to answer or otherwise plead within the time period allotted.  The Clerk entered default on April 9, 2007.  Defendant's Motion to Set Aside the Entry of Default followed.

### III.  Discussion

Defendant first argues that the entry of default should be set aside because Plaintiff never properly served him.  Defendant next argues that good cause exists, pursuant to Fed. R. Civ. P. 55(c), for the Court to set aside the entry of default.  Here, Plaintiff complied with Magistrate Judge Bongiovanni's Order granting service by publication, as well as N.J. Ct. R. 4:4-5(c), requiring "publication of a notice once in a newspaper published or of general circulation in the county in which the venue is laid," with its notice published in The Times Newspapers, in Trenton, Mercer County, New Jersey.  Plaintiff also mailed, as directed, a copy of the notice and Magistrate Judge Bongiovanni's Order to Defendant's last known address and Defendant's parents' address, as it was able to discern them.  Thus, service was proper and the entry of default will not be set aside for this reason.

The Court, however, determines that good cause does exist to set aside the entry of default.  See Fed. R. Civ. P. 55(c) (stating that "[f]or good cause shown, the court may set aside an entry of default").  A decision to set aside an entry of default is left to the sound discretion of the district court.  See United States v. $55, 518.05 in U.S. Currency, 728 F.2d 192, 194 (3d Cir. 1984).  The Third Circuit does not favor entries of default or default judgments, but rather prefers

cases to be decided on their merits. Id. at 194-95. The factors to be considered in granting or denying a motion to set aside an entry of default under Rule 55(c) are: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; [and] (3) whether the default was the result of the defendant's culpable conduct." Id. at 195.

      First, the Court finds that setting aside the entry of default will not prejudice Plaintiff. Plaintiff asserts that it has been or will be prejudiced by the expense it has incurred in attempting to serve Defendant, the postponement of its ability to protect its rights, and Defendant's alleged threat to "do everything in his power to 'drag out' the case." (Pl.'s Opp'n 7, 9.) Plaintiff's expenses, the delay in the case, and Defendant's alleged threats to further delay, however, do not constitute sufficient prejudice. See Feliciano v. Reliant Tooling Co., 691 F.2d 653, 656-67 (3d Cir. 1982) ("Delay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent the [setting aside of an entry of default] at an early stage of the proceeding.")

      Second, the Court finds that Defendant has articulated a meritorious defense. "The showing of a meritorious defense is accomplished when allegations of defendant's answer, if established on trial, would constitute a complete defense to the action." $55,518.05 in U.S. Currency, 728 F.2d at 195 (citations omitted). Here, Defendant has submitted a proposed answer asserting that: (1) the Court lacks personal jurisdiction over him; (2) Plaintiff fails to state a claim upon which relief can be granted; and (3) Plaintiff's damages were caused by a third party or parties over whom Defendant had no control. (Def.'s Br. Ex. C at 3.) Defendant also certifies he did not infringe Plaintiff's copyright because the home was designed by a New York architect, and he argues that Plaintiff has not established whether the architect's plans are "very similar" to

Plaintiff's.  (Def.'s Br. 4 and Ex. A ¶ 8.)  If Defendant can establish that he built the home pursuant to the architect's design, and the design was not substantially similar to Plaintiff's design, he will have a complete defense to Plaintiff's claim of copyright infringement.  See Dam Things from Denmark v. Russ Berrie & Co., 290 F.3d 548, 561-62 (3d Cir. 2002) ("There are two essential elements [of a claim for copyright infringement]: ownership of copyright, and copying by the defendant.  Copying is proven by showing not only that the defendant had access to a copyrighted work, but also that there are substantial similarities between the two works.") (citations omitted).

Third, the Court finds that the default did not result from Defendant's culpable conduct.  Plaintiff claims that Defendant intentionally avoided service and that he told Plaintiff's counsel and Plaintiff's president during a telephone conference that he would do so if Plaintiff did not agree to a settlement.  (Pl.'s Opp'n 6-7; Gibson Aff. ¶ 15.)  Defendant admits the telephone call, but denies making any such threats.  (Def.'s Reply 2.)  Further, Defendant argues that the delay in service actually resulted from Plaintiff's own mis-reading of the records it obtained from the New York Department of Motor Vehicles, and resultant failure to attempt service at Defendant's residence, which was correctly listed on those records.  (Def.'s Br. 3.)  Thus, in light of this dispute, the Court cannot conclude with sufficient certainty that Defendant acted "willfully or in bad faith" to delay service.  Feliciano, 691 F.2d at 657.

Therefore, because the Court finds good cause exists, the Court will grant Defendant's Motion to Set Aside the Entry of Default.  Moreover, due to the Court's reluctance to find that the delay in service was caused by Defendant's willful evasion, the Court denies Plaintiff's request for an award of fees and costs incurred in attempting to effect service.  (Pl.'s Opp'n 9.)

IV.   Conclusion

For the foregoing reasons, and for good cause shown,

It is on this 4th day of September, 2007,

**ORDERED** that Defendant's Motion to Set Aside Entry of Default [13] is GRANTED.

                                                s/ Anne E. Thompson
                                          ANNE E. THOMPSON, U.S.D.J.