NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|   |   |   |
|---|---|---|
| SCHOLZ DESIGN, INC., | : | |
| Plaintiff, | : | |
| v. | : | Civil No. 06-0853 (AET) |
| RICHARD R. ANNUNZIATA, | : | **MEMORANDUM & ORDER** |
| Defendants. | : | |

THOMPSON, U.S.D.J.

This matter is before the Court upon Defendant Richard R. Annunziata's Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction; Absence of Venue; or by *Forum Non Conveniens*. The Court has decided this Motion based upon the submissions of the parties and without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, Defendant's Motion is denied.

BACKGROUND

Plaintiff Scholz Design, Inc. ("Scholz") is a Delaware corporation that develops, creates, and sells architectural home designs through a network of licensed and registered builders. (Compl., ¶¶ 1, 6.) Plaintiff's principal place of business is Toledo, Ohio. (Id., ¶ 1.) Plaintiff Scholz is the author of an architectural design and drawing known as "North Shore Chateau B," for which it maintains a certificate of copyright registration issued by the Register of Copyrights. (Id., ¶¶ 7, 9.) Plaintiff Scholz brings a copyright infringement action against Defendant Annunziata. Specifically, Plaintiff Scholz alleges that Defendant Annunziata, a resident of New

York, prepared a series of architectural drawings by copying Plaintiff's North Shore Chateau B design, and constructed a house located in Roosevelt, New Jersey, based on those drawings.  (Id., ¶¶ 2, 11.)  Specifically, Plaintiff alleges that (1) Defendant's copying of the North Shore Chateau B design; (2) Defendant's preparation of architectural drawings based on Scholz's design; and (3) the construction of the New Jersey house were done without Plaintiff's permission, and thus constitute copyright infringement in violation of the Copyright Act of 1946 ("Copyright Act"), 17 U.S.C. § 101 et seq.  (Compl., ¶ 12.)

On February 27, 2006, Plaintiff commenced this action, seeking to enjoin Defendant from copying or preparing derivative works based on Plaintiff's North Shore Chateau B design, money damages, and attorneys fees and costs in connection with Defendant's alleged violations of the Copyright Act.  On April 9, 2007, the Clerk of the Court entered a default judgment against Defendant Annunziata, but the Court granted Defendant's motion to set aside entry of default on September 5, 2007.  Defendant's Motion to Dismiss followed.

In support of his Motion, Defendant asserts that he has been a resident of New York for his entire life and that, specifically, he has resided at his current New York state residence for the past eleven years.  (Annunziata Cert., ¶¶ 2, 3.)  He has filed both federal and state income taxes in New York, and operates a construction business in New York state.  (Id., ¶ 5.)  Defendant states that his communications with Plaintiff have taken place between his home in New York and Plaintiff's business in Ohio.  (Id., ¶ 8.)  In addition, all correspondence between Plaintiff and Defendant took place between Ohio and New York.  (Id.)  Further, Defendant Annunziata asserts that any potential witnesses, including the New York-based architect that Defendant hired to prepare the architectural plans that Plaintiff alleges were copied from its design, are located not

in New Jersey, but instead in either Ohio or New York.  (Id., ¶¶ 9, 13.)

## DISCUSSION

A.	Standard of Review

A court must accept a plaintiff's allegations as true, and construe disputed facts in its favor, when evaluating a motion to dismiss for lack of jurisdiction.  Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 457 (3d Cir. 2003).  When a defendant raises lack of jurisdiction as grounds for dismissal, the plaintiff has the burden of proving, by a preponderance of evidence, facts to establish that jurisdiction is proper.  Cartaret Sav. Bank, FA v. Shushan, 954 F.2d 141, 146 (3d Cir. 1992).  A plaintiff may defeat a defendant's challenge of personal jurisdiction by "establishing with reasonable particularity sufficient contacts between the defendant and the forum state."  Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1222 (3d Cir. 1992) (internal citations and quotation omitted).

B.	Personal Jurisdiction

A federal court seeking to exercise jurisdiction over a non-resident defendant applies the jurisdictional rules of the forum state.  Fed. R. Civ. P. 4(e); Remick v. Manfredy, 238 F.3d 248, 255 (3d Cir. 2001).  The New Jersey Supreme Court has interpreted the long-arm jurisdiction statute, N.J. Court Rule 4:4-4, as being co-extensive with the external limits of the Due Process clause, which means that a federal court may assert personal jurisdiction over a non-resident defendant to the extent allowed by the Fourteenth Amendment to the United States Constitution.  IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 259 (3d Cir. 1998).  Accordingly, the Court will apply the New Jersey long-arm jurisdiction statute to this Motion.

Whether the Court may constitutionally exercise personal jurisdiction over a defendant is

a two-step inquiry.  Id.  First, a plaintiff must demonstrate that the defendant has "constitutionally sufficient 'minimum contacts' with the forum."  Vertrotex Certainteed Corp. v. Consol. Fiber Glass Prods. Co., 75 F.3d 147, 150 (3d Cir. 1996) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985)).  Minimum contacts are satisfied where a defendant has "purposefully directed its activities toward residents of the forum" or "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'"  Vertrotex, 75 F.3d at 150 (3d Cir. 1996) (internal citations omitted).  Second, once a showing of minimum contacts has been made, the Court must determine whether exercising jurisdiction over the defendant "would comport with 'traditional notions of fair play and substantial justice.'"  Id. at 151 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).  Personal jurisdiction can be either general, whereby a defendant may be subject to suit in a forum for any conduct, or specific, where a plaintiff's cause of action against a defendant arise out of his contacts in the forum.  Remick, 238 F.3d at 255.

Plaintiff does not contend that Defendant Annunziata's contacts with the forum are of a "continuous and systematic" nature such that Defendant would be subject to general jurisdiction by the Court.  Helicopteros Nacionales de Colombia, S.A., v. Hall, 466 U.S. 408, 416 (1984).  Thus, the Court only considers the issue of whether specific jurisdiction exists over Defendant Annunziata.

Defendant Annunziata argues that the only alleged copyright infringement is his creation of architectural drawings that Plaintiff believes were copied from its North Shore Chateau B design.  Accordingly, Defendant contends, because the drawings were created in New York, Plaintiff's cause of action arises in New York, rather than from any contacts Defendant may have

had with New Jersey.  (Def.'s Mem. Supp. Mot. to Dismiss, ¶ 25.)  However, the Complaint alleges that construction of the New Jersey house itself constituted an infringement of Plaintiff's copyright.  Under the Copyright Infringement Act of 1990 (the "1990 Act"), which amended the Copyright Act, architectural works are afforded full copyright protection.  17 U.S.C. § 102(a)(8).  The 1990 Act defines an architectural work as "the design of a building as embodied in any tangible medium of expression, including a building . . . ."  17 U.S.C. § 101.  Thus, construction of a house that is based on a copyrighted architectural plan may itself be an infringement.  Accordingly, because Plaintiff's cause of action arises out of a contact that Defendant has with New Jersey, the Court finds that it may exercise personal jurisdiction over Defendant Annunziata.  Further, the Court finds that exercising personal jurisdiction over Defendant in this situation would not offend traditional notions of fair play and substantial justice.

C.     Venue

Defendant Annunziata urges dismissal pursuant to Fed. R. Civ. P. 12(b)(3) on the basis that the District of New Jersey is an improper venue because he neither resides in New Jersey nor did the events giving rise to Plaintiff Scholz's claims occur in New Jersey.  Where, as here, a court has federal question jurisdiction, venue is appropriate in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . ., or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b).

Similarly, in copyright actions, venue is appropriate in "the district in which the defendant or his agent resides or may be found."  28 U.S.C. § 1400(a).  A defendant "may be found" for the purposes of this statute in a district where he is subject to personal jurisdiction.  Elan Suisse Ltd.

v. Christ, No. 06-3901, 2006 U.S. Dist. LEXIS 93861, at *9 n.6 (E.D. Pa. Dec. 29, 2006). Here, Defendant has commenced construction of a house in New Jersey that Plaintiff alleges is an infringement of its copyrighted North Shore Chateau B design. Because a "substantial part of the events . . . giving rise to the claim" occurred in New Jersey, venue in the District Court of New Jersey is proper under 28 U.S.C. § 1391(b). Further, because the Court has already found that it has personal jurisdiction over Defendant Annunziata, venue is proper under 28 U.S.C. § 1400(a).

D.      *Forum Non Conveniens*

Defendant Annunziata argues that the Court should dismiss this case because, under the *forum non conveniens* doctrine, a number of factors render suit in the District of New Jersey inconvenient and that the Southern District of New York would be more appropriate. Plaintiff Scholz contends that inconvenience to the Defendant should not overcome its choice of forum.

Under the *forum non conveniens* doctrine, a court may "dismiss a case when an alternative forum has jurisdiction to hear the case, and when trial in the chosen forum would establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to the plaintiff's convenience." Lacey v. Cessna Aircraft Co., 862 F.2d 38, 42 (3d Cir. 1988) (internal citation and quotations omitted). A court must consider (1) the availability of an alternative forum; (2) the amount of deference to be accorded to the plaintiff's choice of forum; (3) private interest factors; and (4) public interest factors. Lony v. E.I. Du Pont de Nemours & Co., 886 F.2d 628, 633-40 (3d Cir. 1989) (Lony I). The defendant has the burden of persuasion of showing that dismissal is appropriate, but "dismissal for *forum non conveniens* is the exception rather than the rule." Lacey, 862 F.2d at 43, 46. Typically, "a plaintiff's choice of forum should

rarely be disturbed" where the court has jurisdiction over the action.  Lony v. E.I. Du Pont de Nemours & Co., 935 F.2d 604, 608 (3d Cir. 1991) (Lony II) (internal citation and quotations omitted).  The Court now considers these factors.

      1.      Availability of Alternative Forum

Defendant Annunziata argues that this case should proceed instead in the Southern District of New York, and contends that he is amenable to process there.  The Court agrees with Defendant Annunziata that the Southern District of New York is an alternate forum that is available to hear this case.

      2.      Deference Accorded to Plaintiff's Choice of Forum

Plaintiff Scholz argues that its choice of forum should be accorded significant deference and "should not be lightly disturbed." (Pl.'s Opp. at 5 (citing Calkins v. Dollarland, Inc., 117 F. Supp. 2d 421, 428 (D.N.J. 2000).)  While it is true that a plaintiff's choice should be given "considerable deference, . . . a foreign plaintiff's choice may deserve less deference because it may be less reasonable to assume that a venue which is not the plaintiff's home forum is convenient."  Lony II, 935 F.2d at 609.  However, a defendant must prove dismissal is appropriate by "a strong preponderance."  Id.

At best, Defendant Annunziata states in conclusory fashion that he does not "understand what difference it makes to Scholz Design whether they have to travel to New York instead of New Jersey and do things such as taking depositions of New York State residents such as myself and my architect."  (Annunziata Cert., ¶ 11.)  The Court finds that Defendant Annunziata has not met his burden of proof to overcome the deference that the Court owes Plaintiff's choice of New Jersey as its forum.

     3.    <u>Private Interest Factors</u>

Private interest factors that the Court should take into account include "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; . . . and all other practical problems that make trial of a case easy, expeditious and inexpensive." <u>Lony II</u>, 935 F.2d at 609.

Here, Defendant Annunziata, as well as his witnesses, are more likely to be located in New York, and the cost of obtaining the attendance and testimony of both unwilling and willing defense witnesses is likely to be lower if this case were heard in New York. The difference in cost to Plaintiff for its witnesses to appear in New York rather than in New Jersey is likely to be negligible. The Court finds that the private interest factors weigh in Defendant Annunziata's favor.

     4.    <u>Public Interest Factors</u>

A court should consider the following public interest factors in its *forum non conveniens* analysis:

> the administrative difficulties flowing from court congestion; the "local interest in having localized controversies decided at home"; . . . the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

<u>Id.</u> at 612 (quoting <u>Piper Aircraft Co. v. Reyno</u>, 454 U.S. 235, 241 n.6 (1981)). The Court rejects Defendant Annunziata's argument that "the District of New Jersey has no connection to this case . . . ." (Def.'s Mem. Supp. Mot. to Dismiss, ¶ 40a.) On the contrary, the house that Plaintiff Scholz contends is an infringement of its copyright design is being constructed in New Jersey. Further, as this action implicates federal copyright law, the Court does not foresee any conflicts

of law issues that may arise in adjudication of this case. Thus, the Court finds that the public interest factors weigh in favor of retaining jurisdiction.

The Court finds that, in balance, the *forum non conveniens* analysis does not necessitate a dismissal of this action. Thus, the Court denies Defendant Annunziata's Motion to Dismiss on the basis of *forum non conveniens*.

## CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 18th day of December, 2007,

ORDERED that Defendant Richard R. Annunziata's Motion to Dismiss for Lack of Personal Jurisdiction; Absence of Venue; or by *Forum Non Conveniens* [17] is DENIED.


s/ Anne E. Thompson
_____
ANNE E. THOMPSON, U.S.D.J.